**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALISHA EVANS,**

     **Plaintiff,**

**vs.**                                     **Case No.: 3:08-cv-565-J-16JRK**

**SEASON'S CAFÉ, INC. and**
**DARYL BERMAN,**

     **Defendants.**
_____/

## ORDER

Before the Court is Defendant, Daryl Berman's ("Berman") Motion to Dismiss (the "Motion," Dkt. 32). Plaintiff, Alisha Evans ("Evans") opposes the Motion (the "Response," Dkt. 36). Also before the Court is Evans' Motion to Drop Party. (Dkt. 38). There has not been any response to the Motion to Drop Party filed with the Court. For the reasons that follow, the Motion (Dkt. 32) will be **DENIED** and the Motion to Drop (Dkt. 38) will be **GRANTED**.

### I.    Factual Background

Evans is a former employee of Defendant, Season's Café. Berman owned and operated Season's Café during all times relevant to this action. Season's Café is a registered corporation that conducted business for four (4) years in several Florida counties.

Evans seeks to recover unpaid overtime compensation and damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA"), on behalf of herself and those similarly situated employees. Evans' initially filed suit against Season's Café only. She later amended the complaint (Dkt. 8) to add Berman as a defendant. Evans alleges that Defendants had a policy and practice of permitting work in excess of forth (40) hours each workweek without paying

overtime compensation. Evans further alleges that she was an employee of Defendants during all times relevant to this action.

Season's Café is an "enterprise" covered by the FLSA and as defined by 29 U.S.C. § 203®) and 203(s).[1]  Berman owned and operated Season's Café, and in that capacity regularly exercised control over its daily operation.  As such, Berman is an "employer" as that term is defined by 29 U.S.C. § 201, *et seq*.

## II.     Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations in a  complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir. 1994).  Furthermore the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed. R.Civ. P., 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Harrison v. Office of the State Courts Administrator, 2007 WL 1576351 (May 20, 2007, M.D. Fla.) (citing to Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

---

[1]  An "enterprise" is defined as "the related activities performed [] by any person or persons for a common business purpose, . . . ."  29 U.S.C. § 203(r)(l).

In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. <u>See</u> <u>Gasper v. La. Stadium and Exposition Dist.</u>, 577 F.2d 897, 900 (5th Cir. 1978). Further, a motion to dismiss a complaint must be decided on questions of law and questions of law only. <u>Kest v. Nathanson</u>, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968).

III.    Discussion

       **The Motion to Dismiss**

Berman argues in the Motion that the Amended Complaint should be dismissed because it does not contain enough evidence to "pierce the corporate veil." In support of this claim, Berman informs the Court that Evans filed the Amended Complaint, adding him as a defendant, only after she learned about the dissolution of Season's Café as a for-profit Florida corporation. Evans responds that Berman is presenting evidence, as to what she learned and when she learned it about Season's Café, that is outside of the four corners of the Amended Complaint. Evans claims that considering such evidence at this juncture does not comport with the standard of review for a motion to dismiss. Evans further responds that her suit against Berman is entirely lawful and is approved and authorized by the FLSA and supporting case law. Evans is correct.

The FLSA defines an employer as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency...." 29 U.S.C. § 203(d). "Person" is defined as an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. 203(a). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." <u>Patel v. Wargo</u>, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal citations

3

omitted).  Plaintiff alleges that Berman had "operational control" over the enterprise and at this stage of the proceedings, the allegation is sufficient.  The Motion (Dkt. 32) will be **DENIED** as to this issue.

### The Motion to Drop

Evans asks the court to "drop" Season's Café from this case because to date it has not appeared in this lawsuit and Berman has submitted evidence to the Court stating that Seasons Café has no assets or financial accounts.  Based on Season's Cafe's lack of an appearance and assets, the Court finds that it is appropriate to drop Season's Café from this case.[2]  Therefore, the Court will order that the Motion to Drop (Dkt. 38) be **GRANTED**.

### IV.    Conclusion

For the reasons set forth above, it is **ORDERED** that the Motion to Dismiss (Dkt. 32) is **DENIED**.  It is further **ORDERED** that the Motion to Drop (Dkt. 38) is **GRANTED**.  Season's Café is no longer a party to this action.  This case will proceed against Berman as the sole remaining Defendant.

**DONE** and **ORDERED** from Chambers in Jacksonville, Florida on this 21st day of April 2009.

_____
JOHN H. MOORE II
United States District Judge

Copies to:     Counsel of Record

---

[2] The Clerk entered a default against Season's Café on November 6, 2008 (Dkt. 19).